ROBERTS vs. BIRGESS AND WIFE.

1. Where a replication is filed, matter not responsive to the bill, but pleaded by way of confession and avoidance, must be proved.

2. Decree will not be opened for that purpose.

The bill in this cause was filed to foreclose a mortgage given to the complainant by the defendants upon lands in the county of Cumberland. An answer was filed in behalf of the defendant, Thomas K. Birgess, admitting the execution of the bond and mortgage, but alleging that they were usurious and praying that the complainant might be decreed to recover only the amount actually loaned by him, without interest or costs of suit. The complainant filed a replication. No testimony was taken on either side. The cause was set down for hearing on bill, answer, and replication. No one appeared at the hearing on behalf of the defendants, and a decree was made in favor of the complainant for the full amount of his mortgage, principal and interest, with costs. Execution was issued on the decree, and at this term application was made to the court to open the decree as

having been improvidently made, and to set aside the execution.

Mr. A. W. Cutler, in support of the motion.

Mr. F. F. Westcott, contra.

An answer is evidence for a defendant, only of matters responsive to the bill. When any thing is set up in an answer by way of confession and avoidance, and a replication is filed, the defendant is bound to prove it by testimony. This answer confesses the execution of the bond and mortgage, but endeavors to avoid it upon the ground of usury. Under the rule, therefore, the defendant must prove the usury, and he having failed to do so, the complainant was entitled to his decree. *Miller* v. *Wack, Saxt.* 204; *Fisler* v. *Porch*, 2 *Stockt.* 243; *Basset* v. *Nosworthy*, 2 *Lead. Eq. Cas.* 125; *Townly* v. *Sherborne*, 3 *Lead. Eq. Cas.* 471; 3 *Greenl. on Ev.*, § 290; 2 *Daniell's Ch. Pr.* (ed. of 1865), 841, *note.* Although, under our new law respecting usury, the defendant does not seek to avoid the complainant's claim totally, but only partially, to the extent of interest and costs; yet what he asks for is a substantial avoidance of the complainant's claim, and in the nature of a penalty, and the old rules respecting proof of usury apply.

THE CHANCELLOR.

The complainant having filed a replication, the defendant was bound to prove the usury. Matter not responsive to a bill, but pleaded by way of confession and avoidance, must be established by testimony. The motion to open the decree must, therefore, be denied with costs.